**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **DWAINE GOVAN, ANTHONY RICHARDSON, JR, and ANTHONY RICHARDSON, SR.**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**CITY OF McINTYRE, DEPUTY ZIM STEELE, and DEPUTY KYLE McDADE**<br><br>**Defendants.** | **Civil Action No. 5:16-CV-503-CAR** |

**ANSWER OF THE CITY OF McMINTYRE and DEPUTY ZIM STEELE**

Come Now The City of McIntyre, and Officer Zim Steele (hereinafter "these defendants"), and file this answer to Plaintiffs' complaint, respectfully showing the Court the following:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against these defendants upon which relief can be granted.

**SECOND DEFENSE**

The City of McIntyre and the other named defendants, to the extent that they are named in their official capacities, are entitled to sovereign, municipal, official, absolute, and governmental immunity.

**THIRD DEFENSE**

Officer Zim Steele is entitled to official and qualified immunity.

**FOURTH DEFENSE**

Officer Zim Steele did not act or fail to act in any manner which caused the deprivation of a constitutional or federally protected right of plaintiff.

**FIFTH DEFENSE**

Answering the numbered paragraphs of plaintiffs' complaint, these defendants answer as follows:

1.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

2.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

3.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

4.

Admitted.

5.

Admitted on information and belief.

6.

Admitted.

7.

Admitted.

8.

Admitted.

9.

Admitted.

10.

Admitted.

11.

Admitted.

12.

Admitted.

13.

Admitted.

14.

Admitted.

15.

Admitted.

16.

Admitted.

17.

Admitted.

18.

Admitted.

19.

Admitted.

20.

These Defendants admit that Officer Steele asked both men about their destination but deny the remainder of the allegations contained in paragraph 20 as pled.

21.

Admitted on information and belief.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied as pled.

26.

These Defendants admit that Officer Steele ordered Mr. Richardson to turn off the van and exit the vehicle.

27.

Admitted.

28.

These Defendants admit that both Plaintiffs complied with Officer Steele's orders but denies the remainder of the allegations contained in paragraph 28 as pled.

29.

Denied.

30.

Admitted.

31.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

32.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

33.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

34.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

35.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny

the same.

36.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

37.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

38.

Admitted.

39.

Admitted.

40.

Admitted.

41.

Admitted.

42.

These Defendants admit that Deputy McDade walked the drug dog around the van but deny that McDade and Steele later falsely claimed that the drug dog alerted to the presence of drugs.

43.

These Defendants admit that Govan stated that he did not believe that it was possible for the drug to alert to the presence of drugs in the van.

44.

Denied as pled.

45.

Admitted.

46.

Admitted.

47.

These defendants admit that the decision was made to impound the vehicle and seek as search warrant but they deny that the Plaintiffs were taken to the City of McIntyre Jail as the City of McIntyre does not own or operate a jail or holding facility. The Plaintiffs were taken to a Wilkinson County facility.

48.

Admitted.

49.

Admitted.

50.

Admitted.

51.

Admitted.

52.

Admitted.

53.

Denied.

54.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

55.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained therein, and can neither admit nor deny the same.

56.

These Defendants admit that a search of the van in question took place while Plaintiff were held at the Wilkinson County Jail but deny the remainder of the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint as pled.

57.

Admitted.

58.

Admitted.

59.

Admitted.

60.

Denied.

61.

Denied.

62.

Answering paragraph 62, defendants incorporate their previous responses to

paragraphs 1-61 as if fully set forth herein.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Answering paragraph 68, defendants incorporate their previous responses to paragraphs 1-67 as if fully set forth herein.

69.

Admitted.

70.

Admitted.

71.

Denied.

72.

Denied.

73.

Denied.

74.

Denied.

75.

Denied.

76.

Denied.

77.

Denied.

78.

Denied.

79.

Denied.

80.

Admitted.

81.

Answering paragraph 81, defendants incorporate their previous responses to paragraphs 1-80 as if fully set forth herein.

82.

Denied.

83.

Admitted.

84.

Admitted.

85.

Admitted.

86.

Denied.

87.

Denied.

88.

Denied.

89.

Denied.

90.

Denied.

91.

Answering paragraph 91, defendants incorporate their previous responses to paragraphs 1-90 as if fully set forth herein.

92.

Denied.

93.

Denied.

94.

Denied.

95.

Denied.

96.

Answering paragraph 96, defendants incorporate their previous responses to

paragraphs 1-95 as if fully set forth herein.

97.

Denied.

98.

Denied.

99.

Denied.

100.

Denied.

101.

Answering paragraph 10, defendants incorporate their previous responses to paragraphs 1-100 as if fully set forth herein.

102.

Admitted.

103.

Admitted.

104.

Denied as pled.

105.

Denied.

106.

Denied.

107.

Answering paragraph 107, defendants incorporate their previous responses to

paragraphs 1-106 as if fully set forth herein.

108.

Denied.

109.

Denied.

**SIXTH DEFENSE**

Punitive damages are not applicable in this matter based on the United States Constitution and the Constitution of the State of Georgia and other applicable law.

**SEVENTH DEFENSE**

Any averments contained in plaintiffs' complaint not specifically admitted, or for want of sufficient information neither admitted nor denied, are hereby denied.

WHEREFORE, having fully answered, these defendants pray as follows:

(a) That plaintiffs' complaint be dismissed;

(b) That judgment be entered in favor of these defendants for all costs of this action, including reasonable attorney's fees pursuant to 42 USC §1988;

(c) That these defendants have trial by jury as to any factual issues;

(d) That these defendants have such other and further relief as the Court deems appropriate under the circumstances of this case.

This 12th day of September, 2017.

/s/ Thomas F. Richardson
Thomas F. Richardson
Georgia Bar No. 604325

/s/ J. Travis Hall
J. Travis Hall
Georgia Bar No. 357464
***Attorneys for the Defendants***

Of Counsel:
Chambless, Higdon, Richardson,
Katz & Griggs, LLP
3920 Arkwright Road, Ste. 405
P.O. Box 18086
Macon, GA 31209-8086
Telephone: (478)745-1181

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served foregoing upon counsel for plaintiffs, by depositing a copy of the same in the United States mail with sufficient postage affixed thereon to ensure delivery to:

Mawuli M. Davis
Harold W. Spence
Davis Bozeman Law Firm
4153 Flat Shoals Parkway
Suite 332
Decatur, GA 30034

Jeffrey R. Filipovits
Filipovits Law Firm, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA 30341

Timothy J. Buckley, III
Taylor Wayne Hensel
Buckley Christopher, PC
2970 Clairmont Road NE
Suite 650
Atlanta, GA 30329

This 12th day of September, 2017.

/s/ J. Travis Hall
J. Travis Hall